OPINION OF THE COURT
Harold J. Hughes, J.
This is a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Agriculture and Markets.
On May 23, 1977 the respondent Upstate Milk Cooperatives, Inc. filed its application with the Department of Agriculture and Markets for an extension of its milk dealer’s license to permit it to process milk at a plant in Jamestown, New York, and to distribute the same retail and wholesale in the Counties of Chautauqua and Cattaraugus as successor to the business of Lake County Dairy, Inc. The department scheduled a hearing to consider whether Upstate’s application should be denied pursuant to section 258-c of the Agriculture and Markets Law on the grounds that the granting of such extension would tend to a destructive competition in a market already adequately served or would not be in the public interest. The hearing was opened on July 18, 1977 but was adjourned to August 8, 1977 to provide additional time for notification to interested persons. The department and the respondent Upstate were parties at the aforesaid hearing and petitioners’ attorney appeared at the hearing on behalf of the petitioners who were permitted to participate at the hearing as nonparties.
Based on the evidence presented at the hearing, the com *871 missioner issued findings of fact, conclusions and his determination on September 21, 1977. The commissioner concluded that no evidence of a substantial nature was presented at the hearing from which to conclude that substituting one entity for the other would tend to destructive competition in the market areas under consideration. The commissioner also concluded that under the circumstances the denial of a license extension to the successor of the Lake County business could leave a competitive void in the Chautauqua County market as well as interrupt service to milk customers of the dealer. The commissioner further concluded that the extension of Upstate’s license to Cattaraugus County as successor to the business of Lake County Dairy in such market should be limited to those towns in which Lake County was distributing milk. In accordance with his findings that the granting of Upstate’s application would not tend to a destructive competition or be contrary to the public interest, the commissioner determined that the application should be granted. The petitioners, existing prior licensees in the areas affected, thereupon commenced the present proceeding to annul the commissioner’s determination.
 The court first finds that the petitioners have standing to institute this proceeding (see Matter of Dairylea Coop. v Walkley, 38 NY2d 6). However, in allowing competitors to seek judicial review of the issuance or extension of a license under section 258-c of the Agriculture and Markets Law, the court noted the limited scope of judicial scrutiny: "The court reviewing such administrative action may consider only whether the agency exceeded its authority or disregarded the statutory standards (Matter of Guardian Life Ins. Co. v Bohlinger, 308 NY 174, supra).” (Matter of Dairylea Coop, v Walkley, supra, p 12.) This court finds that the commissioner did not exceed his authority in issuing Upstate a license extension and that he applied the statutory standards. Having made these findings, this court’s review of the commissioner’s action is exhausted.
It follows, from the foregoing, that the court may not review the various evidentiary rulings of the hearing officer which petitioners assert violated provisions of the State Adminstrative Procedure Act. Moreover, the court notes that the law does not apply here since the commissioner was not required to hold a hearing before granting Upstate its license extension (see Matter of Dairylea Coop, v Walkley, supra, p *872 11; State Administrative Procedure Act, § 401, subd 1; § 102, subd 3).
Finally, this proceeding need not be transferred to the Appellate Division pursuant to CPLR 7804 (subd [g]). As noted above, the judicial review available to petitioners does not include review of the issue of whether the commissioner’s determination is on the entire record supported by substantial evidence (CPLR 7803, subd 4). The determination shall be confirmed and the petition dismissed, without costs.