■ In the Matter of WALKER CREAMERY PRODUCTS Co. et al., Appellants, v J. ROGER BARBER, as Commissioner of the Department of Agriculture and Markets of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered February 9, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, and confirmed a determination of the respondent commissioner granting an extension of the milk dealer's license of respondent Upstate Milk Cooperatives, Inc. Petitioners are milk dealers in Chautauqua and Cattaraugus Counties who seek review of the commissioner's determination which granted Upstate Milk Cooperatives, Inc., an extension of its milk dealer's license to include Chautauqua and Cattaraugus Counties. The determination was made following a hearing pursuant to section 258-c of the Agriculture and Markets Law in which petitioners participated by cross-examining witnesses and offering direct proof on their own behalf. The initial question raised on this appeal is the scope of judicial review of the commissioner's determination. Relying on *Matter of Dairylea Coop. v Walkley* (38 NY2d 6), Special Term limited its review to the question of whether the commissioner had exceeded his authority or disregarded the statutory standards. Petitioners contend that the court's rationale in *Dairylea,* which involved the granting of an extension of a milk dealer's license without a hearing, is not applicable where, as here, there has been a hearing in which the competitors seeking review have participated. We disagree. The court's reliance in *Dairylea* upon *Matter of Guardian Life Ins. Co. v Bohlinger* (308 NY 174) in setting forth the limited scope of review in a CPLR article 78 proceeding brought by a competitor *(Matter of Dairylea Coop. v Walkley, supra,* p 12) makes it clear that the scope of review is so limited regardless of whether an administrative hearing has been held. Moreover, section 258-c of the Agriculture and Markets Law does not provide for intervention in the hearing by competitors of the applicant. Rather, petitioners' participation was pursuant to departmental policy and procedures which specifically provide that an intervenor's rights will not be expanded by reason of its participation. Accordingly, we find that Special Term correctly limited its scope of review to the question of whether the commissioner exceeded his authority or disregarded the statutory standards. Having so concluded, we must affirm Special Term's dismissal of the petition since the record clearly establishes that the commissioner neither exceeded his authority nor disregarded the statutory standards. Judgment

affirmed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., and Main, JJ., concur.

Kane, J., concurs in a separate memorandum. Kane, J. (concurring). Although I concur in the result reached, I would note the effect of the holding of *Matter of Dairylea Coop. v Walkley* (38 NY2d 6), a case by which we are bound and on which the majority bases its decision. The *Dairylea* case represents a hollow victory for competitors in that they are given standing to seek judicial review of a determination extending a milk dealer's license, but have no real hope of success since they are limited to the questions of whether or not the commissioner exceeded his authority or disregarded the statutory standards. Such a restricted scope of review can only lead to the inefficient use of judicial resources. Since the questions of who should be given standing to review administrative decisions and what the scope of that review should be are ultimately questions for the Legislature to decide, I invite their attention to this matter. [95 Misc 2d 869.]